STATE v. FREEMAN

[326 N.C. 40 (1990)]

———————————

STATE OF NORTH CAROLINA v. KENNETH FREEMAN

No. 300A88

(Filed 18 January 1990)

### Homicide § 18.1 (NCI3d) — murder — evidence of premeditation and deliberation — sufficient

There was sufficient evidence of premeditation and deliberation to submit to the jury where defendant entered the yard of the victim, placed a bucket under a window of the victim's house, stood on the bucket, aimed a .22 rifle through a window at the victim, fired the rifle at the victim, and killed him. Although the State introduced an exculpatory statement by defendant to an accomplice that might be interpreted to say

that they might have to wound the victim but not kill him, the statement was made approximately one week before the commission of the crime and the way the crime was committed contradicted the statement. The introduction by the State of exculpatory statements by the defendant does not prevent the State from introducing evidence which shows facts concerning the crime to be different from the incident as described by the exculpatory statements.

**Am Jur 2d, Homicide §§ 340, 342, 438, 439.**

APPEAL of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a life sentence entered by *Hobgood (Robert H.)*, J., at the 7 March 1988 Criminal Session of Superior Court, CUMBERLAND County. The defendant's motion to bypass the Court of Appeals as to sentences imposed on burglary and larceny convictions was allowed. Heard in the Supreme Court 11 December 1989.

The defendant was tried for first degree murder, first degree burglary and felonious larceny. The State sought the death penalty. The State's evidence showed that the body of Jonas Buxton was found on 25 November 1986 in his home. He had died from bleeding caused by a gunshot wound to his head.

Elton Crocker testified for the State pursuant to a plea bargain under which he was allowed to plead guilty to first degree burglary and second degree murder for which he would receive no more than life in prison. Crocker testified that approximately one week before the incident he and the defendant discussed robbing Mr. Buxton. The defendant said it might be necessary to shoot Mr. Buxton to keep him "under control." Crocker testified further that on 24 November 1986 he was driven to Mr. Buxton's home by the defendant. He testified that the defendant placed a bucket under a window of Mr. Buxton's home, stood on the bucket and fired a .22 rifle through the window. The defendant then kicked the door in and the two men entered Mr. Buxton's home. Crocker then testified that he could hear a wheezing sound and saw Mr. Buxton lying on the bedroom floor. The defendant then went into the bedroom, turned Mr. Buxton over, and covered him with clothes and other objects. The two men then took several items from the house and left.

The court submitted to the jury the issue of the defendant's guilt of first degree murder on two separate theories, that the

**STATE v. FREEMAN**

[326 N.C. 40 (1990)]

murder was premeditated and deliberated and that it was committed pursuant to the felony of burglary. The jury found the defendant guilty of all three charges and based the verdict as to first degree murder on both theories submitted. The jury recommended that defendant be sentenced to life in prison on the murder charge. The court imposed sentences of life in prison for the murder, forty years for the burglary, and eight years for the larceny with all sentences to be served consecutively. The defendant appealed.

*Lacy H. Thornburg, Attorney General, by Ellen B. Scouten, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Staples Hughes, Assistant Appellate Defender, for the defendant appellant.*

WEBB, Justice.

The defendant argues to this Court that there was insufficient evidence of premeditation and deliberation to submit to the jury. He says this is so because there is no evidence the defendant intended to kill the victim. For this reason, says the defendant, the only theory upon which the murder conviction can stand is felony murder, which means the conviction of burglary must be arrested. *See State v. Small*, 293 N.C. 646, 239 S.E.2d 429 (1977). The question brought forward by the defendant in this appeal is whether there is substantial evidence that the defendant intended to kill Jonas Buxton.

It would seem that evidence that the defendant entered the yard of Mr. Buxton, placed a bucket under a window of Mr. Buxton's house, stood on the bucket, aimed a .22 rifle through the window at Mr. Buxton, and fired the rifle at Mr. Buxton, killing him, should be substantial evidence from which the jury could find beyond a reasonable doubt that the defendant intended to kill Mr. Buxton and that he did so with premeditation and deliberation. *State v. Jackson*, 317 N.C. 1, 343 S.E.2d 814 (1986). The defendant, however, says this is not so. He says that the State's evidence, which is uncontradicted, shows the defendant did not intend to kill Mr. Buxton. He bases this argument primarily on the statements made by defendant to Crocker before the shooting that they might have to shoot Mr. Buxton in the shoulder to keep him "under control." The defendant says this shows the defendant did not intend to kill Mr. Buxton and the State is bound by this uncontradicted exculpatory statement. When the State introduces exculpatory

statements of a defendant which are not contradicted or shown to be false by any other facts or circumstances, the State is bound by these statements. *State v. Carter*, 254 N.C. 475, 119 S.E.2d 461 (1961). The introduction by the State of exculpatory statements by the defendant, however, does not prevent the State from introducing evidence which shows facts concerning the crime to be different from the incident as described by the exculpatory statements. *State v. Rook*, 304 N.C. 201, 283 S.E.2d 732 (1981).

In this case the State has introduced evidence which shows the facts to be different from those described in the exculpatory statement of the defendant. The statement was made approximately one week before the commission of the crime. In the light most favorable to the defendant it might be interpreted to say that they might have to wound the victim but not kill him. The way the crime was committed contradicted this statement. The defendant did not shoot the victim so as to wound him. He aimed the gun at the victim at short range and shot him in the head. This showed an intent to kill. The defendant's conduct after the shooting also showed an intent to kill. He did not try to aid the victim but covered Mr. Buxton with clothes and other objects so that he could not be seen and left him to die. This also showed an intent to kill. *State v. Jackson*, 317 N.C. 1, 343 S.E.2d 814. We hold there was sufficient evidence for the jury to find the defendant intentionally killed Mr. Buxton with premeditation and deliberation.

No error.